Gardner v. Short.

GARDNER and others vs. SHORT and wife.

1. An unexecuted agreement to compromise or settle a debt for a fixed sum, is no defence to a suit, either at law or equity.

2. A conveyance of lands by a debtor to his wife, through the medium of a third party, without consideration, the debtor having no other property to meet his obligations, is void as against creditors. As between the debtor and his wife, it is valid.

*Mr. F. Ogden,* for complainants.

*Mr. S. W. Carey,* for defendants.

THE CHANCELLOR.

The complainants commenced a suit in the Supreme Court against the defendant, John Short, on the 14th day of March, 1867. He owned two lots in Hudson county, conveyed to him in 1860, and the debt due from him to the complainants, was for building materials used in erecting houses on these lots. On the day after issuing the summons, two deeds for these lots, both dated on the fifth of the preceding month, were left for record at the office of the county clerk. The one was from Short and wife to Thomas Corrigan, the other from Corrigan to the defendant, Emily, wife of Short. The consideration in both was $1400. After judgment obtained at law, and execution returned no goods or lands, complainants filed their bill, alleging that these conveyances were without consideration, and intended to defraud creditors, and praying that they may be declared void.

2 F *

---

The defendants, Short and wife, by their answer, deny that these deeds were intended to defraud creditors, but do not allege that any consideration was paid; they omit to answer that part of the bill. They set up that the judgment was for more than was due, and that complainants agreed to accept a mortgage for the amount really due, which was agreed upon between them. They allege that the mortgage was tendered to their solicitor, but that complainants refused to accept it.

An unexecuted agreement to compromise, or settle for a fixed sum, is no defence to a suit, either at law or equity.

There is no proof offered, that any consideration was paid by, or to Corrigan, at the execution of the deeds for these lots. As the case stands, it appears that Short, when called upon by the complainants to pay his debt to them, resorted to the clumsy device of conveying his property to his wife, through the medium of Corrigan, without the pretence of any kind of consideration.

Such a transaction is clearly void, as against creditors. The deeds must be set aside, and the property sold, either by a master in this court, or by the sheriff, under the judgment, to satisfy the debt due to the complainants. The surplus, if any, must go to the wife. As between Short and his wife the deeds are valid.